IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY WAYNE GARLAND  *
                       *
                       *
v.                     *
                       *    Civil Action No. WMN-13-29
ROCKY TOP WOOD PRESERVE/ *
THE FRANKLIN GROUP     *
                       *
                       *
* * * * * * * * * * * * * * * *

## MEMORANDUM

Plaintiff Anthony Wayne Garland, proceeding pro se, filed this action against his former employer, the Franklin Group, on January 2, 2013. In his Complaint, Plaintiff alleges that while employed by Defendant, he was subjected to verbal harassment, threats, and physical assaults, including being punched in the rectum while leaning over his workbench. The source of most of this harassment was Norman Weagley, a co-worker that Plaintiff describes as a "workplace bully." Plaintiff eventually quit his job because of the harassment and now asserts that he was constructively discharged.

Defendant filed a motion to dismiss the Complaint on March 15, 2013. ECF No. 8. Defendant argues first that this suit is untimely in that Plaintiff failed to file it within the proscribed ninety-day period following receipt of the right-to-sue letter issued to him by the EEOC. The EEOC issued its

letter on September 26, 2012, and, providing Plaintiff with the benefit of the presumption that it took three days for him to receive it, his suit should have been filed by December 28, 2012. Instead, it was filed ninety-five days after its presumptive receipt.

Defendant also challenges the merits of Plaintiff's claims. Defendant notes that there is nothing, whatsoever, in the Complaint to give rise to any inference that the conduct to which Plaintiff was subjected had any relation to any protected status. While Title VII of the Civil Rights Act prohibits discrimination in employment on the basis of an "individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a), the Complaint provides no factual allegations that relate to Plaintiff's race, color, religion, sex, or national origin, nor does the Complaint even identify Plaintiff's race, color, religion, or national origin.

On April 17, 2013, the Clerk of the Court sent Plaintiff a letter informing him that Defendant had filed a motion that could result in the dismissal of his action and that he had 17 days from the date of that letter to respond to the motion. On the date that his opposition was due, May 6, 2013, Plaintiff requested additional time to respond to Defendant's motion to dismiss. The Court granted that request on May 8, 2013, and allowed Plaintiff until June 3, 2013, to file his response. The

Court granted that extension by paperless order, however, and, because it was not clear that Plaintiff received notice of that extension, the Court further extended the time for Plaintiff to respond to Defendant's motion to dismiss to June 24, 2013. See ECF No. 14.

On July 1, 2013, the Court received another request from Plaintiff, ECF No. 16, for additional time to respond to the motion to dismiss. As the reason for the request, Plaintiff points to bursting pipes in the Hagerstown house into which he and his family moved sometime in late April or early May. According to Plaintiff, the pipes burst just three days after his moving in, causing him to re-locate to another house in Hagerstown. He also states that he contacted his case administrator on June 6, 2013, and was told that the Court had granted him an extension until June 3, 2013.

Defendant filed an opposition to Plaintiff's most recent request for an extension on July 8, 2013. Defendant notes that Plaintiff has not explained why moving in late April or early May prevented Plaintiff from responding to the motion in June or July. Defendant also questions why, if Plaintiff learned on June 6, 2013, that his response had been due on June 3, 2013, he waited 25 days, until July 1, 2013, to ask for an additional extension. Plaintiff has not replied to Defendant's opposition and the time for so doing has expired.

3

Under the Federal Rules of Civil Procedure, when a motion for an extension of time is filed after the time to do some act has expired, that motion can only be granted on a showing of "<u>excusable</u> neglect." Fed. R. Civ. P. 6(b)(1) (emphasis added). The Court may find delay to be excusable neglect after considering all relevant circumstances, including "the danger of prejudice [to the non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). The most important of these factors is the reason for delay. <u>Thompson v. E.I. DuPont de Nemours & Co., Inc.</u>, 76 F.3d 530, 534 (4th Cir. 1996). Furthermore, the Court notes that "'[e]xcusable neglect' is not easily demonstrated," but is found only in "extraordinary cases where injustice would otherwise result." <u>Id.</u>

The Court will deny Plaintiff's motion for an additional extension of time. It is now more than two months after the date on which Plaintiff's opposition was originally due. While Plaintiff references difficulties in his housing situation, he does not explain how those difficulties impacted his ability to respond to the motion. He also does not explain why he delayed so long even asking for an extension.

4

Turning to the merits of Defendant's Motion to Dismiss, a claim must be dismissed if the allegations in the complaint do not include enough facts to render that claim to relief "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. While pro se complaints are held to a less stringent standard, even a pro se complaint must meet a minimum threshold of plausibility. See O'Neil v. Ponzi, 394 F. App'x 795, 796 (2d Cir. 2010).

Defendant's motion clearly challenges the plausibility of Plaintiff's claim. For the reasons stated in that motion which the Court summarized, supra, the Complaint is both untimely and without sufficient allegations to give rise to a claim of discriminatory conduct. While Plaintiff may have been treated harshly and unfairly by a workplace bully and his employer may have done nothing to stop that treatment, nothing in the Complaint suggests that this treatment was the result of Plaintiff's membership in any protected class. Accordingly, the Court will dismiss the Complaint.

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: July 22, 2013